IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-1669-WJM-SKC

KAMSTRUP A/S,

    Plaintiff,

v.

AXIØMA METERING UAB,

    Defendant.

**ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW**

Plaintiff Kamstrup A/S ("Kamstrup") holds U.S. Patent No. 8,806,957 ("957 Patent" or "Patent"), which relates to an ultrasonic flow meter, *i.e.*, a meter that uses ultrasound to measure consumption of something flowing through the meter, such as water. Defendant Axioma Metering UAB ("Axioma") manufactures an ultrasound-based water meter known as the "Qualcosonic W1," which Kamstrup alleges to infringe certain claims of the 957 Patent.

Presently before the Court is Axioma's Motion to Stay Pending *Inter Partes* Review. (ECF No. 29.) For the reasons explained below, the Court grants this motion.

**I. STATUTORY & REGULATORY BACKGROUND**

*Inter partes* review ("IPR") is an adversarial administrative adjudication before the Patent Trial and Appeal Board ("PTAB"). *See* 35 U.S.C. §§ 311–19. "[A] person who is not the owner of a patent may file . . . a petition to institute an inter partes review of the patent," arguing that the PTAB should "cancel as unpatentable 1 or more claims of a

patent" because the claim(s) is/are anticipated or obvious in light of "prior art consisting of patents or printed publications." *Id.* § 311(a)–(b).

If the PTAB accepts an IPR petition as properly filed, the patentee has three months to file an optional response. 37 C.F.R. § 42.107(b). The PTAB then has three months from the date of that response, or the last date on which it could have been filed, to decide whether to "institute" the IPR proceeding, *i.e.*, to open an administrative adjudication and begin the process of resolving the petition on its merits. 35 U.S.C. § 314(b). The standard for instituting an IPR proceeding is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a).

After institution, "[a]n inter partes review proceeding shall be administered such that pendency before the [PTAB] after institution is normally no more than one year." 37 C.F.R. § 42.100(c). "The time can be extended by up to six months for good cause," or may be otherwise "adjusted" by the PTAB in cases where non-petitioner parties have joined the proceeding. *Id.*

If the petitioner succeeds in proving a claim invalid, the claim is canceled. 35 U.S.C. § 318(b). If a petitioner fails, the petitioner is statutorily estopped from later asserting, in an infringement lawsuit, that "the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." *Id.* § 315(e)(2). Any party dissatisfied with the PTAB's decision may appeal to the Federal Circuit. *Id.* § 319.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the patent reexamination context, this Court has found the following factors useful in guiding its exercise of discretion:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007). The Court finds that these factors continue to be helpful when considering whether to enter a stay pending IPR proceedings.

### III. ANALYSIS

Axioma filed its IPR petition on September 23, 2019. (*See* ECF No. 30-2 at 2.)[1] Technically speaking, this is not the formal filing date, which is announced later by the PTAB after it ensures that the petition meets all procedural requirements. *See* 37 C.F.R. § 42.106. No party has informed the Court whether the PTAB has announced that formal date, but part of Kamstrup's argument is that the PTAB will likely not issue a decision whether to institute IPR proceedings until "about April 2020." (ECF No. 42 at 2.) Kamstrup appears to have in mind the six-month timeframe for the "institution" decision (three months for a response, and three months from that point for a decision). Counting six months backwards from April 2020 yields October 2019. The Court

---

[1] All ECF page citations are to the page number in the CM/ECF header, which does not always match the document's internal pagination, particularly in briefs with unnumbered or separately numbered prefatory material, and in exhibits.

therefore takes it as conceded that the PTAB accepted Axioma's petition as procedurally proper in October 2019.

Turning to factors (1) and (4) of the stay considerations (which are often considered together, *see eSoft*, 505 F. Supp. 2d at 787), IPR proceedings—if instituted—would certainly simplify the issues and reduce the burdens of litigation. As noted in the Court's order filed earlier today denying a preliminary injunction ("P.I. Order," ECF No. 50), Axioma apparently has no defense to infringement and so is primarily relying on invalidity. (*See id.* at 4.) If Axioma's invalidity arguments succeed before the PTAB, the 957 Patent would be completely canceled. If Axioma's arguments fail as to one or more claims, those invalidity arguments would be off the table (along with all potentially associated proceedings, such as claim construction), Axioma would be left in a relatively exposed position, and the incentives to litigate versus settle would be greatly affected. Axioma has other defenses (*e.g.*, prosecution history estoppel, waiver, unclean hands, *see* ECF No. 20 at 7–8) with related counterclaims (*e.g.*, patent unenforceability, *id.* at 11–14), but Axioma's failure even to mention these defenses or counterclaims as a basis for denying a preliminary injunction suggests that they are secondary to the main event, namely, anticipation or obviousness.

As to factor (2), discovery has only barely begun (the Scheduling Order entered on September 24, 2019, *see* ECF No. 32) and a trial date has not been set.

Finally, as to factor (3), the Court finds that a stay would not create undue prejudice. The PTAB's decision whether to institute an IPR proceeding should come in April 2020 or thereabouts. If the PTAB refuses to institute the proceeding, this litigation will go forward as normal with only a few months lost. If the PTAB agrees to institute

the proceeding, a decision can reasonably be expected by April 2021, and the benefits of receiving that decision greatly outweigh the potential benefits of going forward as normal in this case (including all the procedures necessary to evaluate and adjudicate the same invalidity arguments that Axioma would be simultaneously making to the PTAB).

Factor (3) also contemplates the unfair consequences of a stay if it would give a clear tactical advantage to the moving party. In this regard, Kamstrup argues that "a stay (absent a preliminary injunction) would unduly prejudice Kamstrup and give Axioma a clear tactical advantage by allowing it to continue infringing the '957 Patent in direct competition with Kamstrup." (ECF No. 42 at 5.) Such infringement, says Kamstrup, "threatens to destroy Kamstrup's nascent competitive advantage [in the U.S. water meter market] and unique market offering." (*Id.* at 4.) But, for the reasons stated in the P.I. Order, the Court has found that Kamstrup is not likely to succeed in fending off Axioma's invalidity arguments. Because no preliminary injunction will issue, Axioma will be able to compete during the pendency of this litigation in any event. Consequently, a stay will not place Axioma in any better competitive position than it currently enjoys.

In sum, a stay is warranted pending the PTAB's decision whether to institute IPR proceedings. If the PTAB institutes proceedings, the Court will administratively close the case at that time, pending the final outcome of those proceedings. If the PTAB declines to institute proceedings, the stay will be lifted and the case will go forward as normal.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

5

1. Axioma's Motion to Stay Pending *Inter Partes* Review (ECF No. 29) is GRANTED;

2. All proceedings in this action are STAYED pending a decision from the Patent Trial and Appeal Board whether to institute *inter partes* review proceedings of the 957 Patent, as requested by Axioma;

3. Axioma shall file a status report within two business days of receiving a decision from the Patent Trial and Appeal Board whether to institute *inter partes* review proceedings; and

4. If no decision issues by April 30, 2020, Axioma shall file, on behalf of both parties, a joint status report on May 1, 2020, informing the Court of any pertinent developments.

Dated this 25th day of November, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge